IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| Board of Trustees of the Toledo Area Sheet Metal Workers Pension Plan, | ) ) ) ) |
| Plaintiff, | ) Case No. 3:22-cv-00264 ) ) HON. JAMES G. CARR ) |
| v. | ) ) **ORDER** |
| Karpathia Funding Group, Inc, Aerodynamics Inspecting Company, Karpathia Funding Group, LLC, Aerodynamics Inspecting, LLC, Aerodynamics Inspecting Company (Texas), Sopron Energy Investment Group 2, LLC, Sopron Energy, LLC, Lukacs Holdings, LLC, Lukacs Industries, LLC, Lukacs Industries, Inc., and Laszlo Lukacs, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This is a suit for collection on an assessment of withdrawal liability under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1381 *et seq*.

Defendants are a group of ten companies and one individual, Mr. Laszlo Lukacs. Plaintiff alleges that Defendants failed to fulfill their obligation to contribute to a multiemployer pension plan. In Plaintiff's first count of the Complaint, against Defendant Aerodynamics Inspecting Company, Inc. ("Aerodynamics") only, Plaintiff seeks collection of Aerodynamics' unpaid obligations to the pension plan. Plaintiff's second count is against the remaining nine company Defendants and Lukacs. It alleges that these Defendants are jointly and severally liable for Aerodynamics' unpaid obligation to the pension plan.

Pending is Plaintiff's Motion for default judgment or, alternatively, for judgment on the pleadings against Defendant Lukacs only. (Doc. 32). On July 11, 2023, Defendant Lukacs

appearing *pro se*, sent a document (with an AOL e-mail header and the subject line with the case name and number) to the Clerk of the Court, which for present purposes I deem and treat as an Opposition.¹ (Doc. 37). For the reasons that follow, Plaintiff's Motion for entry of a default judgment is denied as moot and Plaintiff's Motion for judgment on the pleadings is denied without prejudice.

## **Background**

On February 26, 2022, Plaintiff filed the Complaint. (Doc. 1). On December 13, 2022, I granted Plaintiff's motion for a default judgment against the ten corporate Defendants only. (Doc 17).

On March 21, 2023, Defendant Lukacs filed an Answer. (Doc. 30).

On April 3, 2023, Plaintiff filed a motion to strike Defendant Lukacs' Answer. (Doc. 31). At a hearing held on April 11, 2023, I denied Plaintiff's motion to strike the Answer. As noted above, Defendant Lukacs filed what I deem to be an Answer on March 21, 2023.²

---

¹ In addition to not being timely filed, Defendant Lukacs failed to seek leave for this filing, as Federal Rule of Civil Procedure 16(b)(4) requires. For that reason, it is not necessary for me to address those materials in this Order.

² On April 17, 2023, without seeking or obtaining prior leave, Defendant Lukacs filed a second document purporting to be an Answer. (Doc. 34). However, as set forth above, Lukacs already filed an Answer.

While I am to construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a *pro se* plaintiff still must follow basic pleading standards. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Under Federal Rule of Civil Procedure 7(a), a complaint and an answer to the complaint are the only pleadings permitted in a case such as this. Federal Rule of Civil Procedure 15(a) prohibits the parties from amending the pleadings absent obtaining the opposing party's written consent or the Court's leave. Since Defendant Lukacs obtained neither, I strike the April 17, 2023 filing.

Also on April 3, 2023, Plaintiff filed the present Motion. (Doc. 32). On June 28, 2023, Plaintiff filed a reply. (Doc. 35). On July 11, 2023, Defendant Lukacs filed a response to Plaintiff's Motion for judgment on the pleadings.[3] (Doc. 37). Despite Defendant Lukacs' Opposition's timing irregularity, the Motion is now decisional.

### Discussion

### 1. Legal Standard

The same standard of review applies to both Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *Ross, Brovins, Oehmke, P.C. v. Lexis Nexis Grp.*, 463 F.3d 478, 487 (6th Cir. 2006). Only the timing of the motions differ.

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A motion for judgment on the pleadings "must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 483 (6th Cir. 2020). In other words, when adjudicating a motion for judgment on the pleadings, a court cannot consider items attached to the motion or the opposition—it must look to the pleadings only, and any documents referenced in the pleadings that are central to the dispute. *Id.*; *United Food & Com. Workers, Loc.*

---

[3] On August 21, 2023, without seeking or obtaining prior leave, Defendant Lukacs filed a supplemental response. (Doc. 38). Northern District of Ohio Local Rule 7.1 permits a party to file only one memorandum in opposition to a motion. Accordingly, I strike Defendant Lukacs' August 21, 2023 supplemental response.

*1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022); *and see Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### 2. Default Judgment

Plaintiff's Motion first seeks entry of a default judgment. (Doc. 32). As discussed above, on April 11, 2023, I accepted Defendant Lukacs' March 21, 2023 filing as his Answer. (Doc. 30). The pleadings are closed. Accordingly, Plaintiff's request for default judgment is denied as moot.

### 3. Judgment on the Pleadings

Next, in the alternative to a default judgment, Plaintiff seeks entry of a judgment on the pleadings. For the reasons that follow, I deny Plaintiff's Motion for judgment on the pleadings without prejudice.

Plaintiff seeks to hold Defendant Lukacs liable for the debts of Defendant Aerodymanics. To prevail on a judgment on the pleadings, however, the Complaint itself must set forth plausible allegations that sufficiently link Defendant Lukacs and Defendant Aerodynamics under a legal theory such as piercing the corporate veil or alter ego.

The Complaint here makes no such allegations. (*See* Doc. 1). Rather, Plaintiff's Complaint states, with respect to Defendant Lukacs:

> 34. [Corporate defendants and] Laszlo Lukacs, as an unincorporated business and sole proprietor, are under common control, as defined by 29 U.S.C. § 1301(b)(1), with Aerodynamics Inspecting Company, Inc.
>
> 35. Upon information and belief, each of the foregoing entities or individuals share common ownership sufficient to establish common control.

(*Id*. at PageID # 7, ¶¶ 34–35). These allegations are insufficient.

In my decision in *Madera v. KTC Express, Inc.*, No. 3:19-cv-01516, 2022 WL 2916868, *9–10 (N.D. Ohio, July 25, 2022), I observed that courts typically adjudicate piercing the corporate veil and alter ego theories no sooner than the summary judgment stage of the litigation. In *Madera*,

4

I also set forth the factors that a court must weigh when making such determinations on summary judgment. *See id*.

At the upcoming status conference on October 11, 2023, I will set an expedited schedule for Plaintiff to conduct discovery of Defendant Lukacs for the purpose of filing a motion for summary judgment. If, ultimately, I find that there is insufficient evidence to support a dispositive ruling, I will hold a further hearing and set the matter for further expedited discovery and a trial.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Plaintiff's Motion for default judgment is denied as moot; and
2. Plaintiff's Motion in the alternative for judgment on the pleadings is denied without prejudice.

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge